**TRANS WORLD AIRLINES, INC., Continental Airlines, Inc., and British Airways PLC, Plaintiffs,**

**v.**

**Jim MATTOX, Attorney General of the State of Texas, Defendant.**

**Civ.A. No. A–89–CA–067.**

United States District Court, W.D. Texas, Austin Division.

Jan. 31, 1989.

On Motions to Intervene And To Broaden Injunction April 26, 1989.

Ronald D. Secrest, Fulbright & Jaworski, Houston, Tex., for plaintiffs.

Stephen Gardner, Texas Atty. Gen.'s Office, Dallas, Tex., for defendant.

### ORDER

WALTER S. SMITH, Jr., District Judge.

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure and after careful consideration of the Complaint, Plaintiffs' Motion for and Memorandum in Support of a Temporary Restraining Order, the opposition thereto, and the arguments of counsel, and after notice to and appearance in open Court by the Defendant, the Court finds that Plaintiffs will suffer immediate and irreparable injury if the Attorney General of the State of Texas or parties in concert or participating with him are permitted to bring an enforcement action against Plaintiffs, or any of them, pursuant to Tex.Bus. & Comm.Code §§ 17.41 *et seq.* or any other state law, in accordance with the Air Travel Industry Enforcement Guidelines ("Guidelines") adopted by the National Association of Attorneys General ("NAAG"), on account of Plaintiffs' air fare advertising and other promotional and informational advertising. The Court finds that it is probable that: Plaintiffs will prevail in establishing their claims that any state regulation of advertising of the Plaintiffs' rates, routes, and services has been preempted by the Federal Government; subsection 2.5 of the NAAG Guidelines, which purportedly requires that "[a]ny fuel, tax, or other surcharge to a fare must be included in the total advertised price of the fare," conflicts with the Federal Government's regulatory scheme; and the threatened enforcement action by Attorney General Mattox and others in concert or participating with him would be in violation of the Supremacy Clause of the United States Constitution. The Court further finds it unnecessary to determine the probability that the Plaintiffs will demonstrate that the threatened implementation or enforcement of the NAAG Guidelines through state law, including enforcement of the Guidelines by Attorney General Mattox through Tex.Bus. & Comm.Code §§ 17.-41, *et seq.,* or others in concert or participating with him through their respective state statutes, constitutes an undue burden on interstate and foreign commerce in violation of the Commerce Clause; violates the Constitutional prohibition against interstate compacts that intrude into the federal domain (Art. 1, § 10, cl. 3, U.S. Constitution); and violates Plaintiffs' First Amendment rights. In addition, the Court determines that granting the requested injunctive relief does not pose an untoward burden on Defendant and would, in fact, be in the public interest. Accordingly,

It is hereby ORDERED that Plaintiffs' Motion for Preliminary Injunction be and hereby is GRANTED.

It is further ORDERED that the Attorney General of the State of Texas, Jim Mattox, individually and in his official capacity, and all other persons acting for the Attorney General in either capacity, and all other persons acting in concert or participation with Attorney General Mattox or on his behalf, and all other persons having

actual knowledge of this Order, be and hereby are ENJOINED from:

initiating any enforcement action pursuant to Tex.Bus. & Comm.Code §§ 17.41 *et seq.*, or any other provision of state law, which would seek to regulate or restrict any aspect of the individually named plaintiff airlines' air fare advertising or the operations involving their rates, routes and/or services.

It is further ORDERED that Plaintiffs shall give security in the sum of $10,000.00 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined, such bond to be approved by the Court or by the Clerk of the Court.

## ON MOTIONS TO INTERVENE AND TO BROADEN INJUNCTION

Came on to be considered in the above-styled cause the Motion of Certain Air Carriers for Leave to Intervene and Plaintiffs' Motion to Broaden the Injunction issued by this Court. The Court, having reviewed both motions and the responses thereto, has determined that both motions are meritorious and should be granted.

This suit was originally filed by Plaintiffs Trans World Airlines, Inc., ("TWA"), Continental Airlines, Inc., ("Continental"), and British Airways PLC ("British Airways") against Jim Mattox, the Attorney General of the State of Texas. The Plaintiffs seek injunctive and declaratory relief, based upon the Attorney General's attempt to file suit against the airlines under the Texas deceptive trade practices act. The dispute centers around the advertising practices of the airlines, which the Attorney General claims are violative of Texas law. The airlines claim this issue has been preempted by federal law.

The original injunction issued by this Court protected only the named Plaintiffs against actions brought by the Attorney General of Texas under Texas law which regulate or restrict air fare advertising or operations involving rates, routes and/or services.

Since the injunction was issued by this Court on January 30, 1989, the Attorneys General of California, Kansas and New York have filed suit against Plaintiff TWA on the same grounds—seeking to force the airline to comply with state advertising regulations. Attorney General Mattox has filed suit on identical grounds in the 101st District Court of Dallas County, Texas against Pan American World Airways, Inc. ("Pan Am"), which has also requested leave to intervene in the present action.

Attorney General Mattox, not satisfied with attempting to regulate domestic air carriers, has also threatened legal action against foreign air carriers, including Lufthansa German Airlines ("Lufthansa"). The letter from Attorney General Mattox which threatens enforcement against Lufthansa also purports to be sent on behalf of the States of California, Massachusetts, New York, and Washington. As a result of these threats, Lufthansa, along with Air Canada, Compagnie National Air France ("Air France"), Alitalia–Lines Aeree Italiane, S.P.A. ("Alitalia"), El Al Israel Airlines, Ltd., ("El Al"), Finnair, Japan Air Lines Company, Ltd. ("JAL"), Qantas Airways, Ltd., ("Qantas"), Scandinavian Airlines System ("SAS"), and Viacao Aerea Rio–Grandense ("Varig"), have requested leave to intervene.

In addition, the Plaintiffs to this action request the Court to broaden its injunction to include the thirty-three states who have "specially appeared" in this action.

### I. *Motion to Intervene by Foreign Air Carriers*

A. Intervention as a Right.

Rule 24(a) of the Federal Rules of Civil Procedure provides as follows:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, un-

less the applicant's interest is adequately represented by existing parties.

It is undisputed that no statute confers an unlimited right to intervene in this action. As such, the parties must meet the requirements for intervention of right under 24(a)(2), which requires the following:

(1) the application for intervention must be timely;

(2) the applicant must have an interest relating to the property or transaction which is the subject of this action;

(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest;

(4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*New Orleans Public Service v. United Gas Pipe Line,* 732 F.2d 452, 463 (5th Cir.1984) (en banc), *citing International Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir.1978).

### 1. *Timeliness*

█ Timeliness of intervention is determined from a review of all the circumstances. *NAACP v. New York,* 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). The Fifth Circuit has established four factors to be considered by the Court in determining the timeliness of a petition for leave to intervene:

Factor 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene.

Factor 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case.

Factor 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied.

Factor 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

*Lelsz v. Kavanagh,* 710 F.2d 1040, 1043 (5th Cir.1983).

█ In the present action, the petition for leave to intervene was filed only two months after the main suit was filed, and only three months after Lufthansa learned of the threatened legal action by Attorney General Mattox. Although not specifically outlined in the Intervenor's response, the Court finds that there was no significant delay between the time the Intervenors knew or reasonably should have known of their interest in the suit and the time the petition for leave to intervene was actually filed. As such, the Intervenor's petition is timely.

Even if a two-to-three month delay is considered not timely, the existing parties will suffer no prejudice for failure of the Intervenors' to file their petition earlier. There are no existing suits filed against the Intervening parties, nor does their intervention in any way limit any existing rights of the Attorney General of the State of Texas. There is no evidence of any potential prejudice to the existing parties to the litigation.

On the other hand, the Intervenors will suffer great prejudice if not allowed to intervene. Attorney General Mattox has threatened suit against Lufthansa and could initiate suit against any of the other Intervenors at any time. The Intervenors are faced with great prejudice if not allowed to intervene.

Critical to this inquiry is adequacy of representation. *See Lelsz v. Kavanagh,* 710 F.2d 1040 (5th Cir.1983). "If the proposed intervenors' interests are adequately represented, then the prejudice from keeping them out will be slight." *Id.* at 1046. Here, the proposed intervenors' interests are not adequately represented. The proposed intervenors raise issues similar, but not identical to, those raised by the Plaintiffs. The laws related to foreign air carriers involve issues not pertinent to domestic air carriers.

As to Factor 4, there have been identified no unusual circumstances militating against a determination that the petition is timely. After a review of the facts as related to the above factors, the Court determines that the Intervenor's petition for Leave to Intervene was timely filed.

### 2. *Interest*

■■■ The Intervenor must demonstrate an "interest relating to the property or transaction which is the subject of the action." Rule 24(a)(2). An applicant for intervention need not be legally bound by the result of the main case, nor need his interest be identical to those claims asserted in the main action. *New Orleans Public Service v. United Gas Pipe Line*, 732 F.2d 452 (5th Cir.1984) (en banc). However, intervention of right does require a "direct, substantial, legally protectable interest in the proceedings." *Id.* at 463.

■ The Intervenors have exhibited such an interest in the present proceedings. If not permitted to intervene, they will be exposed to suit on grounds prohibited by the injunction issued by this Court. Further, the claims presented by the foreign air carriers, although not identical to those presented by the Plaintiffs in this suit, are sufficiently similar to establish a direct and substantial interest in these proceedings.

### 3. *Protection of Interest*

This third factor requires the applicant to establish that the disposition of the main action may impair or impede his ability to protect his interest in the subject matter of the action, which is demonstrated by the possibility of suit being filed against the prospective intervenors if not brought under the protection of this Court's injunction.

### 4. *Adequacy of Representation*

Finally, as stated previously, the Court has determined that the existing parties to the suit will not adequately represent the interests of the proposed intervenors. The specific issue as to whether an action can be brought under state law to regulate the advertising practices of a *foreign* air carrier will not be presented absent grant of leave to intervene.

### B. Permissive Intervention.

■ Even if intervention as of right under 24(a) is not mandated, then permissive intervention should be granted under Rule 24(b). This Rule provides:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion, the Court shall consider whether the intervention will unduly delay or prejudice the adjudication of the right of the original parties.

The proposed intervenors have established the existence of a question of law in common with those presented in the main action—specifically whether federal law preempts in the area of regulation of airline advertising. The main issue which prevents the intervenors' rights from being adequately represented by the Plaintiffs is the fact that the intervenors are foreign rather than domestic air carriers. Although federal law is substantially similar as it applies to both classes of air carriers, there are differences which will not be addressed absent intervention by the foreign air carriers.

In light of the preceding, the Motion of Certain Air Carriers for Leave to Intervene is GRANTED.

### II. *Motion to Broaden Injunction*

■ The Plaintiffs seek to broaden the scope of the injunction issued by this Court on three grounds:

1) the evidence that other state attorneys general are acting "in concert" with Attorney General Mattox;

2) the attorneys general of thirty-three states have *de facto* intervened in this proceeding; and

3) the actions taken by various state attorneys general since this Court's preliminary injunction order threatens

the Plaintiffs and this Court's jurisdiction.

Since this Court issued its preliminary injunction order, four additional suits have been filed against two air lines under other state laws in an attempt to regulate the airlines' advertising of their rates, routes and services:

1) Cause No. 89–2510–E, *State of Texas v. Pan American World Airways, Inc.,* filed by Attorney General Mattox in the 101st District Court of Dallas County, Texas on February 28, 1989. This action was subsequently removed to Federal District Court in Dallas, Texas.

2) Cause No. 609941, *People v. Trans World Airlines, Inc.,* filed by Attorney General John K. Van de Kamp in the Superior Court of San Diego, California on March 9, 1989.

3) Cause No. _____, *People of the State of New York, ex rel. Robert Abrams v. Trans World Airlines, Inc.,* filed by Attorney General Robert Abrams in the Supreme Court of the County of New York, State of New York on March 29, 1989.

4) Cause No. 89–CV–567, *State of Kansas, ex rel. Robert T. Stephan v. Trans World Airlines, Inc.,* filed by Attorney General Robert T. Stephan in the District Court of Shawnee County, Kansas, Division 2, on April 3, 1989.

In light of these developments and upon further consideration of the issues in this action, the Court has determined that the injunction presently in effect must be broadened in order to provide meaningful protection to the Plaintiff airlines. The suits initiated in other states on identical grounds and against the same parties demonstrate to the Court that this matter is not merely of local interest, but rather one that is of nationwide concern. Decisions made in the course of these proceedings have the potential of effecting broad-sweeping changes in the airline industry.

The scope of this matter, clearly, is not limited to the activities of the Attorney General of Texas, but includes all Attorneys General involved in enforcing the Air Travel Industry Enforcement Guidelines ("Guidelines") adopted by the National Association of Attorneys General ("NAAG"). Therefore, the Court's injunction will be broadened to include not only Attorney General Mattox, but those State Attorneys General, acting in concert with Attorney General Mattox, or with each other, to enforce the NAAG guidelines through state law actions.

Failure to include these additional Defendants will seriously impair the ability of this Court to render a meaningful decision over the issue of whether federal law preempts state action in the matter of airline advertising. There is also a real possibility that the Plaintiff airlines will be subjected to a multiplicity of suits in various jurisdictions, thereby depriving this Court of the ability to offer any meaningful protection to the Plaintiffs. Despite the Plaintiffs' assertions that the additional Attorneys General be *deemed* intervenors, the Court has determined that the proper method of joinder is through Federal Rule of Civil Procedure 19.

Accordingly, it is ORDERED that Plaintiffs are hereby GRANTED leave to amend their complaint to include those Attorneys General who, acting in concert with Attorney General Mattox or among themselves, are attempting to use state law to enforce the NAAG guidelines relating to airline advertising within ten (10) days from the entry of this Order.

Prior to the addition of said Defendants as parties to this action, the Court's injunction will be broadened to include the following:

Hon. Grace Berg Schaible
Attorney General of Alaska
Hon. Robert K. Corbin
Attorney General of Arizona
Hon. Steve Clark
Attorney General of Arkansas
Hon. John Van de Kamp
Attorney General of California
Hon. Duane Woodward
Attorney General of Colorado
Hon. Clarine Nardi Riddle
Deputy Attorney General
(Acting Attorney General of Connecticut)

Hon. Robert Butterworth
Attorney General of Florida
Hon. Jim Jones
Attorney General of Idaho
Hon. Neil F. Hartigan
Attorney General of Illinois
Hon. Tom Miller
Attorney General of Iowa
Hon. Robert T. Stephan
Attorney General of Kansas
Hon. James E. Tierney
Attorney General of Maine
Hon. J. Joseph Curran, Jr.
Attorney General of Maryland
Hon. James M. Shannon
Attorney General of Massachusetts
Hon. Frank J. Kelley
Attorney General of Michigan
Hon. Hubert H. Humphrey, III
Attorney General of Minnesota
Hon. William L. Webster
Attorney General of Missouri
Hon. Robert M. Spire
Attorney General of Nebraska
Hon. Brian McKay
Attorney General of Nevada
Hon. Robert Abrams
Attorney General of New York
Hon. Lacy Thornberg
Attorney General of North Carolina
Hon. Nicholas Spaeth
Attorney General of North Dakota
Hon. Anthony J. Celebrezze, Jr.
Attorney General of Ohio
Hon. Robert Henry
Attorney General of Oklahoma
Hon. Dave Frohnmayer
Attorney General of Oregon
Hon. James E. O'Neil
Attorney General of Rhode Island
Hon. Roger Tellinghuisen
Attorney General of South Dakota
Hon. Charles W. Burson
Attorney General of Tennessee
Hon. Jeffrey Amestoy
Attorney General of Vermont
Hon. Kenneth O. Eikenberry
Attorney General of Washington
Hon. Charles G. Brown
Attorney General of West Virginia
Hon. Don J. Hanaway
Attorney General of Wisconsin

Hon. Joseph B. Meyer
Attorney General of Wyoming

The Court has determined that each of the above has an interest relating to the subject of this action and are so situated that the disposition of this action in their absence will leave those already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. Federal Rule of Civil Procedure 19(a)(2)(ii).

This injunction will operate prospectively only and will not act to interfere with the following proceedings:

1) Cause No. 89–2510–E, *State of Texas v. Pan American World Airways, Inc.*, filed by Attorney General Mattox in the 101st District Court of Dallas County, Texas on February 28, 1989. This action was subsequently removed to Federal District Court in Dallas, Texas.

2) Cause No. 609941, *People v. Trans World Airlines, Inc.*, filed by Attorney General John K. Van de Kamp in the Superior Court of San Diego, California on March 9, 1989.

3) Cause No. _____, *People of the State of New York, ex rel. Robert Abrams v. Trans World Airlines, Inc.*, filed by Attorney General Robert Abrams in the Supreme Court of the County of New York, State of New York on March 29, 1989.

4) Cause No. 89–CV–567, *State of Kansas, ex rel. Robert T. Stephan v. Trans World Airlines, Inc.*, filed by Attorney General Robert T. Stephan in the District Court of Shawnee County, Kansas, Division 2, on April 3, 1989.

The Court would hope that, considering the possibility of conflicting judgments in this case, these state court proceedings would be abated pending this Court's final determination of this matter.

IT IS SO ORDERED.