**Franklin Delgado RODRIGUEZ**

**v.**

**SHELL OIL COMPANY.**

No. G–93–65.

United States District Court,
S.D. Texas,
Galveston Division.

April 20, 1993.

James Thomas McCartt, Stephen D. Susman, and Michael A. Lee, Susman & Godfrey, Burton G. Manne, Lowman & Manne, Houston, TX, Charles Stein Siegel, Misko Howie & Sweeney, and Fred Misko, Jr., Dallas, TX, for plaintiff.

Jose Berlanga, Hirsch Glover Robinson & Sheiness, Thomas C. Fitzhugh, III, Fitzhugh & Associates, Burt Ballanfant, Houston, TX, for defendant.

### ORDER

KENT, District Judge.

Before the Court is Plaintiff's Motion to Remand. For the reasons stated below, the Court is of the opinion that the motion should be GRANTED.

### I.

This action was originally filed in Texas state court. Plaintiff's Original Petition, which has never been amended, asserts state-law claims arising out of his alleged exposure to pesticides manufactured by Defendant. Defendant removed to this Court alleging that this action is removable as an action arising under the laws of the United States [1] because Plaintiff's state-law claims are preempted by the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136 *et seq.* ("FIFRA"). The Court has examined the pleadings and the relevant statutes and case law and is of the opinion that Defendant misconstrues the relationship between federal preemption in general and federal question jurisdiction based on federal preemption.

1. 28 U.S.C. §§ 1331, 1441.

■ In general, questions concerning federal question jurisdiction are resolved by examining the plaintiff's well-pleaded complaint. If a federal question does not appear on the face of the complaint, a district court cannot exercise federal question jurisdiction. An allegation that the plaintiff's state-law claim is preempted by federal law is a federal defense and does not create a federal question. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987).

■ However, under the complete preemption doctrine, the preemptive force of certain federal statutes is so great that ordinary state-law claims must be treated as federal claims for jurisdictional purposes. *Id.* Complete preemption is the exception, however, and not the rule. While federal law preempts many otherwise viable state-law actions, only a few federal statutes have the preemptive force necessary to transmute state-law claims into federal claims. In the instant case, the Court is of the opinion that, while Defendant can make a strong argument that Plaintiff's failure to warn claims are preempted by FIFRA's express preemption provision (7 U.S.C. § 136v(b)),[2] FIFRA preemption will not support removal.

### A.

In the Court's view, this case is controlled by the Fifth Circuit's decision in *Aaron v. National Union Fire Ins. Co.,* 876 F.2d 1157 (5th Cir.1989), *cert. denied sub nom. American Home Ins. Group v. Aaron,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990). In *Aaron,* the court held that federal preemption is insufficient to support removal unless the statute in question clearly indicates Congress's intent to make preempted state-law claims removable to federal court. At a minimum, the statute in question must provide a private right of action and contain a specific grant of federal jurisdiction. *Id.* at

1163–65. Because FIFRA does not satisfy either of these requirements, FIFRA preemption will not support removal in this case.

Defendant argues, however, that *Aaron* is not controlling. Instead, Defendant relies on *Texas Employers' Ins. Ass'n v. Jackson,*[3] in which a Fifth Circuit panel held that the existence of a private right of action is only some evidence of Congressional intent and that federal preemption may authorize the exercise of federal question removal jurisdiction even if the preempting statute does not provide for a private right of action. Defendant asserts that *Aaron* and *Jackson* represent two parallel lines of Fifth Circuit authority and that *Aaron* has been implicitly overruled by subsequent Supreme Court decisions.

> The Fifth Circuit has introduced some confusion into [the complete preemption] issue because it has articulated two parallel lines of cases with admittedly different tests as to whether [the complete preemption doctrine] applies—the *Jackson* line and the *Aaron* line. The Fifth Circuit starting with Judge Brown's panel opinion in [*Jackson*] and which while [sic] the judgment was reversed, articulated its reasoning on the removal issue which culminated in *Trans World Airlines v. Mattox,* by finding that *express* preemption provided a sufficient basis for federal question removal jurisdiction.
>
> FIFRA is an express preemption of all claims pled by plaintiff against Shell. As that preemption is complete within the meaning of the "independent corollary' [sic] rule, removal on the basis of federal question jurisdiction was proper.

Def.'s Resp.Pl.'s Mot.Rem. (Instr. 9) at 3–4 (emphasis original).

The Court is not persuaded. First, the panel opinion in *Jackson* was, as Defendant concedes, rendered moot by the Fifth Circuit's disposition of the case on en banc rehearing,[4] and *Trans World Airlines v.*

---

2. *See e.g., Stamps v. Collagen Corp.,* 984 F.2d 1416, 1424–25 (5th Cir.1993).

3. 820 F.2d 1406 (5th Cir.1987), *vacated,* 862 F.2d 491 (5th Cir.1988) (en banc), *cert. denied,* 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 404 (1989).

4. The main issue in *Jackson* was whether the district court had the authority to enjoin a pending state-court suit because the plaintiff's claims were preempted by the Longshore Workers' Compensation Act, 33 U.S.C. §§ 901–950. On en banc rehearing, the Fifth Circuit held that the district court lacked authority to enjoin the state-court suit regardless of whether the plaintiff's

*Mattox*[5] (*"Trans World Airlines I"*),[6] the other case in this "line," does not (and indeed could not, as *Trans World Airlines I* is also a panel opinion) purport to resurrect it. Thus, whatever the import of *Trans World Airlines I*, the panel opinion in *Jackson* is not an authoritative statement of the law in this circuit.

More importantly, *Trans World Airlines I* does not stand for the proposition that "express preemption provide[s] a sufficient basis for federal question removal jurisdiction." Rather, the court, after stating the well pleaded complaint rule, gave a standard definition of the complete preemption doctrine and then held that in enacting the ADA, Congress intended to make state-law claims preempted by the ADA removable to federal court. 897 F.2d at 787. This is a far cry from saying that all state-law claims that are expressly preempted by a federal statute must be treated as federal claims for jurisdictional purposes.

■ Indeed, the Supreme Court's statements concerning the preemptive effect of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, refute Defendant's interpretation of *Trans World Airlines I*. ERISA expressly preempts all state laws that "relate to" any employee welfare benefit plan. 29 U.S.C. § 1144(a). However, ERISA preemption alone is insufficient to support removal. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 25–27, 103 S.Ct. 2841, 2854–56, 77 L.Ed.2d 420 (1983). Rather, a state-court action in which only state-law claims are asserted may be re-

moved to federal court only if one of the state-law claims is both preempted by ERISA and within the ambit of ERISA's civil enforcement provisions. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–67, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987).

Furthermore, it is at least arguably possible to partially reconcile *Trans World Airlines I* with *Aaron* by noting that, as originally enacted, the ADA provided a private right of action for discrimination. *See, e.g., Salley v. Trans World Airlines, Inc.*, 723 F.Supp. 1164, 1165–66 (E.D.La.1989).

■ Additionally, as this Court has previously noted, *Trans World Airlines I* does not represent a line of Fifth Circuit authority but, rather, is an anomaly in the Fifth Circuit's complete preemption jurisprudence. *Brown v. Crop Hail Management, Inc.*, 813 F.Supp. 519, 528–29 (S.D.Tex.1993). In addition, both *Trans World Airlines I* and *Aaron* were panel decisions. In the Fifth Circuit, one panel may not disregard a previous panel's decision absent an intervening decision by either the court sitting en banc or the Supreme Court. *See; e.g., Lirette v. N.L. Sperry Sun, Inc.*, 810 F.2d 533 (5th Cir.), *rev'd on other grounds*, 820 F.2d 116 (5th Cir.1987). *Trans World Airlines I* does not mention *Aaron*, and, in the Court's view, nothing in either *Trans World Airlines I* or the cases cited by Defendant implies that the *Aaron* court's analysis was subsequently disapproved by the Supreme Court. Indeed, the Supreme Court cases relied on by Defendant to support this contention address only the preemption of state-law claims by federal

---

state-law claims were preempted. 862 F.2d at 508–09.

**5.** 897 F.2d 773 (5th Cir.), *cert. denied*, 498 U.S. 926, 111 S.Ct. 307, 112 L.Ed.2d 261 (1990). In *Trans World Airlines*, two airlines filed suit in federal court seeking a declaration that various state laws were preempted by the Airline Deregulation Act of 1978, 49 U.S.C.App § 1301 *et seq.* ("ADA"). Meanwhile, the Texas Attorney General filed suit against a third airline in Texas state court asserting claims under the Texas Deceptive Trade Practices Act. The third airline removed to federal court, and that case was subsequently transferred and consolidated with the pending declaratory judgment action. *Id.* at 787.

**6.** In *Trans World Airlines*, the district court initially entered a preliminary injunction enjoining

the State of Texas from enforcing any state laws to regulate the plaintiff airlines' rates, routes, or services, *Trans World Airlines, Inc. v. Mattox*, 712 F.Supp. 99 (W.D.Tex.1989), and the Fifth Circuit affirmed in the decision relied on by Defendant in this case. Thereafter, the district court entered a permanent injunction, and the Fifth Circuit again affirmed. *Trans World Airlines v. Mattox*, 949 F.2d 141 (5th Cir.1991) (per curiam) (*"Trans World Airlines II"*). The Supreme Court affirmed in part, holding that the airline fare advertising provisions of the National Association of Attorney Generals' guidelines are preempted by the ADA. *Morales v. Trans World Airlines*, —— U.S. ——, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (*"Trans World Airlines III"*).

law and do not even consider the complete preemption doctrine.[7] Therefore, in the Court's view, *Aaron* is a correct statement of the law in this circuit.[8]

### B.

■ The foregoing analysis is, however, in a sense, coals to Newcastle, because, even assuming Defendant is correct and removal may be predicated on federal preemption even though the statute in question does not provide a private right of action or contain a specific grant of federal-court jurisdiction, it is abundantly clear that in enacting FIFRA, Congress did not intend to so completely preempt the field as to allow the removal from state court of FIFRA-preempted claims. Outside of the express preemption provision, there is simply no legislative history to support the contrary contention,[9] and, in the Court's view, express preemption, without more, is insufficient to support removal.

A comparison with ERISA neatly illustrates the latter point. As noted above, ERISA, like FIFRA, contains an express preemption provision. Unlike FIFRA, ERISA also provides a comprehensive civil enforcement scheme that includes a private right of action. Nevertheless, in *Metropolitan Life Ins. Co. v. Taylor, supra,* the Supreme Court stated that even the existence of such a scheme was probably insufficient to bring the complete preemption doctrine into play. Only because ERISA contains a grant of jurisdiction which tracks the jurisdictional grant contained in section 301 of the Labor Management Relations Act[10] is its preemptive force sufficient to transform state-law claims into federal claims.

### C.

■ Finally, and most importantly, even assuming that Defendant's analysis of the complete preemption issue is correct, that analysis favors a result contrary to the one sought by Defendant. Relying on *Jackson* and *Trans World Airlines I,* Defendant asserts that to determine whether the complete preemption doctrine applies, a court must consider only Congressional intent. In *Trans World Airlines I,* the Fifth Circuit held that the preemptive force of the ADA is so strong that it converts state-law claims into federal-law claims. As evidence of Congress's intent, the court cited only the express preemption provision of the ADA. This fact, together with the fact that the failure of a federal statute to provide a private right of action is not a bar to a finding of federal preemption,[11] indicates that an express preemption provision can be sufficient, without more, to trigger the application of the preemption doctrine.[12]

---

**7.** By contrast, Defendant's assertion that an express preemption clause, without more, is sufficient to create federal jurisdiction appears to be at odds with the Supreme Court's decision in *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), in which the Court held that a claim alleging a violation of a federal statute is not removable to federal court if no private right of action exists under the federal statute.

**8.** Additionally, while the *Aaron* court's treatment of the complete preemption issue is exhaustive, *Trans World Airlines I* is primarily concerned with federal preemption rather than with the complete preemption doctrine, and the court's treatment of the latter issue is quite perfunctory. Additionally, neither *Trans World Airlines II* or *Trans World Airlines III* mentions the complete preemption doctrine. In *Trans World Airlines II,* the court held that the attorney generals' jurisdictional arguments were barred by the law of the case doctrine. In *Trans World Airlines III,* the Court did not address any jurisdictional issues.

**9.** *See, e.g., Hurt v. Dow Chem. Co.,* 963 F.2d 1142, 1144–45 (5th Cir.1992).

**10.** In *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the Court held that the preemptive force of section 301 of the LMRA is so great that it transforms into a federal claim any state-law claim concerning a violation of a contract between an employer and a labor union.

**11.** *Cipollone v. Liggett Group, Inc.,* —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).

**12.** Although this argument is not entirely without merit, it rests on the premise that in deciding *Cipollone, supra,* and *Trans World Airlines III, supra,* the Supreme Court intended to effect a sea change in the law of removal based on federal preemption, *see Aaron v. National Union Fire Ins. Co., supra,* 876 F.2d at 1164–65, *even though the Court did not address the complete preemption doctrine in either case.* Under Defendant's formulation of the complete preemption doctrine, an express preemption clause is sufficient, without more, to support removal of an action from state court. The decisions in *Cipollone* and *Morales* clearly indicate that a federal statute may preempt otherwise viable state-law claims even

Even assuming the truth of the foregoing, however, it does not follow that an express preemption provision is *always* sufficient, without more, to transform state-law claims into federal claims. Under the terms of Defendant's own argument, if Congress did not intend for the complete preemption doctrine to apply then federal preemption will not support removal, express preemption provision or no.[13]

In *Wisconsin Public Intervenor v. Mortier*,[14] the Supreme Court expressly held that in enacting FIFRA Congress did not intend to completely preempt the field of pesticide regulation. As noted above, the Supreme Court decisions construing ERISA clearly indicate that just because a federal statute completely preempts all state and local laws in a particular area it does not necessarily follow that state-law claims in that field are transformed into federal claims. In the Court's view, if complete federal preemption is not necessarily sufficient to support removal, removal can never be based on a federal statute which does not completely deprive state and local authorities of the ability to regulate a particular class of activities.

## II.

Although Defendant's Notice of Removal does not assert that removal was proper because complete diversity exists between the parties and does not otherwise establish this as ground for removal, it does contain an allegation that "this Court also has jurisdiction under 28 U.S.C. § 1332." However, even if Defendant had properly alleged diversity as a ground for removal, removal would have been improper. It appears undisputed that Defendant has its principal place of business in Texas and is therefore a citizen of Texas. 28 U.S.C. § 1332(c)(1). 28 U.S.C. § 1441(b) prohibits the removal of diversity cases in which one or more of the defendants is a citizen of the forum state. Thus, even if Defendant had properly alleged diversity as a ground for removal, this case would have to be remanded pursuant Plaintiff's timely motion.[15]

## III.

Therefore it is hereby ORDERED, ADJUDGED and DECREED that Plaintiff's Motion to Remand is GRANTED FOR LACK OF SUBJECT MATTER JURISDICTION and this case is REMANDED to the state court from whence it came.

It is further ORDERED that all other motions currently pending are NOT REACHED.

It is further ORDERED that the parties file no further pleadings in this Court.

IT IS SO ORDERED.

THIS IS A FINAL JUDGMENT.

though the statute provides no private right of action. Neither decision, however, addresses removal based on federal preemption. By contrast, as noted above, *Merrell Dow Pharmaceuticals, Inc. v. Thompson, supra*, appears to stand for the proposition that even a state-court action asserting a violation of a federal statute is not removable based on federal preemption unless the federal statute provides a private right of action. Thus, to find that the instant action was *properly removed, this Court* would have to conclude that *Cipollone* and *Morales* overruled *Merrell Dow sub silentio.* In the Court's view, such a determination is better left to a higher tribunal.

**13.** In this regard, the Court notes that the ADA's express preemption provision is, like ERISA's,

quite broad. By contrast, FIFRA does not preempt all state laws that "relate to" pesticide regulation or even those that "relate to" labeling. Rather, FIFRA merely provides that a state "shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required" by FIFRA. 7 U.S.C. § 136v(b).

**14.** —— U.S. ——, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991).

**15.** Defendant's Notice of Removal was filed on February 12, 1993. Plaintiff's Motion to Remand was filed March 10, 1993. *See* 28 U.S.C. § 1447(c).