**MURRAY, et al., Plaintiffs,**

**v.**

**COMMONWEALTH EDISON, et al., Defendants.**

**No. 95 C 5409.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 30, 1995.

Robert Winston Slater, Maksymonko & Slater, Algonquin, IL, for Brianna Murray, Thomas Murray, Justin Stephens.

David C. Van Dyke, Cassiday, Schade & Gloor, Chicago, IL, for Nelson Tree Service.

Oran Fresno Whiting, Peterson & Ross, Chicago, IL, Mark Anthony Latham, Gardner, Carton & Douglas, Chicago, IL, Marshall J. Hartman, Chicago, IL, Bradley B. Falkof, Barnes & Thornburg, Chicago, IL, for Dow Chemical, Inc.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

On September 21, 1995, Dow Chemical ("Dow"), one of three defendants in this case, filed a notice of removal to the U.S. District Court for the Northern District of Illinois. The state court action Dow seeks to remove from the Circuit Court of Cook County involves claims of property damage and personal injury allegedly incurred when plaintiffs were exposed to an herbicide they maintain was manufactured by Dow and applied by Nelson Tree Service, a co-defendant in the case.

Because removal requires the consent of all defendants, "a petition is considered defective if it fails to explain why the other defendants have not consented to removal." *Shaw v. Dow Brands Inc.*, 994 F.2d 364, 368 (7th Cir.1993) (citing *Northern Ill. Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir.1982)). Dow stated in its removal petition that it had "not yet obtained the consent for removal from the Co-defendants, because it has not yet been able to ascertain the identity of the attorneys for the Co-defendants. Dow intends to amend the Notice of Removal as soon as it identifies counsel for the Co-defendants." Notice of Removal at 2. Dow did not amend its Notice of Removal. No other party filed a notice to remand within 30 days after the filing of the notice of removal as required by 28 U.S.C. § 1447(c). Dow filed an answer to plaintiffs' state court action in federal court on October 16, 1995. This court now remands the action to the Circuit Court of Cook County for lack of subject matter jurisdiction.

Dow maintains that removal is proper because this court has federal question jurisdiction under the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136, which regulates the use, sale and labeling of many chemical substances, including pesticides, herbicides and insecticides. To support this position, Dow has cited cases holding that FIFRA preempts state law claims similar to plaintiffs' in this case, which are partially based on the manufacturer's failure to provide adequate warnings on a pesticide or herbicide label. *See, e.g., King v. E.I. Dupont De Nemours & Co.*, 996 F.2d 1346 (1st Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 490, 126 L.Ed.2d 440 (1993). Federal preemption of a state law claim is generally not enough to provide federal question jurisdiction, which, according to the well-pleaded complaint rule, must be clear on the face of the complaint before the case can be removed to federal court. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). In other words, a defendant's assertion that its *defense* will be grounded in federal law is insufficient to remove a case to federal court. This rule generally includes the defense that a state law cause of action is preempted by federal law. As the Supreme Court has stated, "(f)ederal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).

An exception to the well-pleaded complaint rule does exist in limited instances where a federal statute's preemptive force is so powerful that in addition to preempting state law causes of action, it also provides federal question jurisdiction. *Id.* (citing *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)). The Supreme Court has found such instances under § 301 of the LMRA and § 502 of ERISA. *See, e.g., Avco, supra*, and *Metropolitan Life, supra*. Dow asserts that because FIFRA

preempts state law, it is necessarily so dominant and broad that it conveys federal question jurisdiction to this court.

■■■ This assertion blurs the distinction between preemption and the creation of federal question jurisdiction. Preemption occurs when Congress indicates its intent—either explicitly or implicitly—to prevent states from establishing additional requirements in a regulated arena. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137–38, 111 S.Ct. 478, 481–82, 112 L.Ed.2d 474 (1990). This preemption in turn provides a defense to certain state law causes of action. But as *Metropolitan Life* indicates, federal preemption of state law claims does not ordinarily turn them into federal claims. The crux of the finding of federal question jurisdiction under the LMRA and ERISA is that in addition to the statutes' broad preemptive powers, each contains a section (§ 301 and § 502 respectively) that provides for civil enforcement of the statute and grants jurisdiction over those claims to the federal courts. Section 502 of ERISA, which closely tracks § 301 of the LMRA, states:

> The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

29 U.S.C. § 1132(f).

Therefore, "Congress ( ) clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court." *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. at 1548. Although FIFRA broadly regulates the labeling of pesticides and herbicides, it does not contain a provision similar to § 502 and § 301 that grants subject matter jurisdiction to federal courts over complaints that include only state law causes of action. The cases Dow cites to support its contention that FIFRA preempts state law claims do not also hold that FIFRA provides federal question jurisdiction. *See Shaw, supra,* and *King, supra.* Jurisdiction in both of those cases is based on diversity of the parties. In a footnote, the Seventh Circuit in *Shaw* "reject(ed) [defendant's] perfunctory argument that FIFRA confers federal question jurisdiction." *Shaw*, 994 F.2d at 366.

Dow cites *LaCoste v. Stamps*, 1995 WL 442070 (E.D.La.), as further support for its contention that federal question jurisdiction exists in this case. In *LaCoste*, the district court held that federal question jurisdiction did exist under FIFRA. Because this court finds that *LaCoste* failed to distinguish between preemption and the exception to the well-pleaded complaint rule, it declines to adopt its holding that FIFRA conveys federal question jurisdiction. *LaCoste* cited *Metropolitan Life* for the proposition that a federal statute's preemption can be so dominant that federal question jurisdiction is created. The court then stated that FIFRA is "a federal statute of this nature." Id. at *3. To support its conclusion, the court pointed to cases holding that FIFRA preempts state law claims involving labeling or packaging of herbicides or pesticides. It failed to take the necessary additional step of determining whether FIFRA included a provision similar to that in § 301 of the LMRA or § 502 of ERISA. Not one of the cases *LaCoste* cited addressed this separate issue of whether subject matter jurisdiction existed under FIFRA, and all were in federal court based on diversity jurisdiction. *See MacDonald v. Monsanto Co.*, 27 F.3d 1021 (5th Cir.1994); *Worm v. American Cyanamid Co.*, 5 F.3d 744 (4th Cir.1993); *King v. E.I. Dupont De Nemours & Co., supra.*

There is no contention that diversity exists in this case. The plaintiffs are all Illinois residents. One of the defendants, Commonwealth Edison, is an Illinois corporation. Without a federal question or diversity of the parties, this court has no jurisdiction over the matter.

ORDERED: This case is remanded to the Circuit Court of Cook County for further proceedings.