**Bobbie J. ELL and Thomas McVeigh, Plaintiffs,**

v.

**S.E.T. LANDSCAPE DESIGN, INC., Glenn Nixon and Lesco, Inc., Defendants.**

No. 98 Civ. 5911(WCC).

United States District Court, S.D. New York.

Jan. 25, 1999.

Grogan, Souto & Schonberg, P.C., Goshen, NY, Edward P. Souto, of counsel, for plaintiffs.

Law Offices of Robert P. Augello, Middletown, NY, Robert P. Augello, of counsel, for defendant S.E.T. Landscape Design, Inc.

Law Offices of Marc D. Orloff, P.C., Goshen, NY, Anthony J. Perna, Jr., of counsel, for defendant Glenn Nixon.

Clemente, Dickson & Mueller, P.A., Morristown, NJ, William F. Mueller, Lori Anne Fee, Caroline L. Feeney, of counsel, for defendant LESCO, Inc.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Defendant LESCO, Inc. ("LESCO") removed this action from Supreme Court for the State of New York, County of Orange, claiming federal question jurisdiction under 28 U.S.C. § 1331 as the basis for removal. Pursuant to 28 U.S.C. § 1447(c), defendant Glenn Nixon ("Nixon") has moved for remand of the action to the state court. For the reasons stated herein, defendant Nixon's motion is granted.

### BACKGROUND

This action was originally instituted in the Orange County Supreme Court on March 17, 1997. Plaintiffs Bobbie J. Ell and Thomas McVeigh allege that they were residing in a single family home located in Orange County on September 24, 1996 when defendant Glenn Nixon and a co-worker, both employees of defendant S.E.T. Landscape Design, Inc. ("S.E.T."), sprayed a fertilizer on the premises. Plaintiffs claim that as a result of the negligent and reckless spraying of poisonous chemicals, they sustained permanent and disabling physical injuries. Only defendants Nixon and S.E.T. were named in the original complaint.

On February 4, 1998, defendant Nixon impleaded LESCO, in a third party complaint alleging that the product he used, which allegedly injured plaintiffs, was manufactured by LESCO. He asserted claims against LESCO for indemnification and contribution, alleging negligence in manufacturing, designing, distributing, and selling the product.

On July 30, 1998, the Supreme Court of New York granted a motion by plaintiffs to amend their original complaint to assert claims against LESCO as a direct defendant in the action. By their amended complaint, plaintiffs allege causes of action against LESCO for, inter alia, negligent design, failure to warn, and breach of implied and express warranties. On August 19, 1998, LESCO filed a Notice of Removal of the entire action from the Supreme Court of the State of New York to the Southern District of New York, asserting federal question jurisdiction under 28 U.S.C. § 1331 as the basis for removal. On September 16, 1998, defendant Nixon filed a timely motion for remand. Plaintiffs and defendant S.E.T. have subsequently joined in support of Nixon's motion for remand. In opposing this motion for remand, defendant LESCO has also moved, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment as a matter of law.

### DISCUSSION

A defendant may remove a state court action to federal court only if the action could have originally been filed in federal court. *Caterpillar v. Williams*, 482 U.S. 386, 391–92, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); 28 U.S.C. § 1441(a). Thus, where there is no diversity jurisdiction (and no such diversity jurisdiction is alleged here), a federal question must be present in order for removal to be proper. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425; 28 U.S.C. § 1331. In general, questions concerning federal question jurisdiction are resolved by examining the plaintiff's well-pleaded complaint. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The well-pleaded-complaint rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination, and if,

on its face, such a complaint raises no issue of federal law, there is no federal question jurisdiction. *Franchise Tax Bd. of Cal. v. Laborers Vacalion Trust for Southern Cal.,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126.

 Because, on its face, all of plaintiffs' claims against each of the three defendants are state claims, LESCO relies on an exception to the well-pleaded-complaint rule in its effort to defeat remand. In *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), the Supreme Court held that federal law can so "completely preempt" a field of state law that the plaintiff's complaint must be recharacterized as stating a federal cause of action. Thus, if a plaintiff files suit in state court based upon a state cause of action, and the defendant removes the case on the basis of a valid complete preemption defense, the federal district court will recharacterize the plaintiff's state cause of action as a federal claim for relief, making removal proper on the basis of federal question jurisdiction. Here, LESCO alleges that the Federal Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136 et seq. (hereafter "FIFRA" or the "Act"), by expressly prohibiting states from imposing any requirements for labeling or packaging different from that required by the federal statute, creates such a situation.[1] Relying on § 136v of the Act, LESCO argues that all of the state common law claims against it, despite the well-pleaded-complaint rule, are "really" federal claims, and thus federal question jurisdiction exists. *See, e.g., Franchise Tax Bd. of Cal.,* 463 U.S. at 13, 103 S.Ct. 2841.

 Because this exception: (1) "upset[s] the usual constitutional balance of federal and state powers," *Gregory v. Ashcroft,* 501

U.S. 452, 460, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991); (2) overrides the well-pleaded-complaint rule; and (3) abridges the notion that the party who brings a suit "is master to decide what law he will rely upon," *Fair v. Kohler Die and Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913),[2] complete preemption is extremely rare. *Rodriguez v. Shell Oil Co.,* 818 F.Supp. 1013 (S.D.Tex.1993); 3 JAMES WM. MOORE ET AL., 16 MOORE'S FEDERAL PRACTICE § 107.14 (3d ed.1997).

 While many claims inevitably involve ordinary preemption in which the state law claim will require the application of federal substantive law, this is usually insufficient to establish federal question jurisdiction. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Bd. of Cal.,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420. The mere fact that federal law might "apply," i.e. that Congress intended to provide a federal defense to the application of state law, is insufficient to establish federal question jurisdiction. To find that a complaint alleging only state claims still gives rise to federal question jurisdiction, even if the federal statute is raised only by way of defense, the court must find *complete* preemption. "In complete preemption a federal court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a federal defense to the application of state law; rather, it replaced the state law with federal law and made it clear that the defendant has the ability to seek adjudication of the federal claim in a federal forum." 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3722.1 (3d ed.1998). Thus, many state law claims, although controlled by fed-

---

1. 7 U.S.C. § 136v of FIFRA states in full:

§ 136v Authority of the States

(a) In general

A state may regulate the sale or use of any federally registered pesticide or device in the State, but only if and to the extent the regulation does not permit any sale or use prohibited by this subchapter.

(b) Uniformity

Such State shall not impose or continue in effect any requirements for labeling or packaging

in addition to or different from those required under this subchapter.

2. *See also Delta Dental v. Blue Cross & Blue Shield,* 942 F.Supp. 740, 747–749 (D.R.I.1996) (state anti-trust lawsuit was properly remanded because plaintiff was entitled to plead only state claims even though plaintiff could have brought suit under the Sherman Act).

eral law, generally are not treated as completely preempted, and therefore cannot provide the basis for removal jurisdiction. In short, an ordinary preemption defense is insufficient to establish a federal question; the defendant must show that Congress intended not merely to "preempt a state law to some degree," but to totally substitute "a federal cause of action for a state cause of action." *Schmeling v. NORDAM*, 97 F.3d 1336, 1341 (10th Cir.1996).

▮ Applying these principles to FIFRA, the vast majority of district courts have concluded that the Act does not completely preempt state law and thus a "FIFRA defense" is insufficient to establish federal question jurisdiction. *See Thigpen v. Cheminova*, 992 F.Supp. 864 (S.D.Miss.1997); *Martinez v. Dow Chemical Co.*, Nos. 95–3212, 95–3214, 1996 WL 502461 (E.D.La. Sept 4., 1996); *Murray v. Commonwealth Edison*, 905 F.Supp. 512 (N.D.Ill.1995); *Der-Gazarian v. Dow Chemical Co.*, 836 F.Supp. 1429 (W.D.Ark.1993); *Rodriguez*, 818 F.Supp. 1013. The only circuit court to address this issue has also found that FIFRA does not completely preempt state law. *Hurt v. Dow Chemical Co.*, 963 F.2d 1142 (8th Cir.1992).

▮ Despite these holdings to the contrary, LESCO asserts that because FIFRA preempts state law, it also provides federal question jurisdiction. This assertion blurs the distinction between ordinary and complete preemption. As explained above, ordinary federal preemption of state law claims does not perforce convert them into federal claims. Complete preemption only occurs when the federal statute's preemptive force is "so powerful that in addition to preempting state law causes of action, it also provides federal question jurisdiction." *Murray*, 905 F.Supp. at 513 (internal citations omitted). LESCO argues that the language in FIFRA forbidding states from "impos[ing] or continu[ing] in effect any requirements for labeling or packaging" of pesticides shows Congress's intent to preempt state authority completely in the area of labeling, packaging, and warning. § 136v(b). We do not agree that this section meets the Supreme Court's definition of complete preemption. The Su-

preme Court has clearly held that ordinary preemption is insufficient to support removal unless "Congress has clearly manifested an intent to make causes of action [under the statute] 'removable to federal court.'" *Metropolitan Life Ins. Co.*, 481 U.S. at 66, 107 S.Ct. 1542. At a minimum, the statute must provide a private right of action and contain a specific grant of federal jurisdiction. *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1163–65 (5th Cir.1989). Because FIFRA does not satisfy these requirements, FIFRA preemption will not support removal in this case.

A comparison with the Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 88 Stat. 829, 29 U.S.C. § 1001 et seq., and the Labor Management Relations Act, 1947 (hereafter "LMRA"), 61 Stat. 156, 29 U.S.C. § 141 et seq., two of the rare federal statutes where the Supreme Court has found complete preemption, illustrates this point. The crux of the finding of federal question jurisdiction under LMRA and ERISA is that in addition to the statutes' ordinary preemptive powers, each contains a section (§ 301 and § 502 respectively) that explicitly provides for civil enforcement of the statute and grants jurisdiction over those claims to the federal court. Section 502 of ERISA, which closely tracks § 301 of the LMRA, states:

> The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

29 U.S.C. § 1132(f). FIFRA contains no such provisions. Consequently, because the Supreme Court requires an explicit statement from Congress in order for the courts to find complete preemption, we are unable to conclude that FIFRA completely preempts state law and creates federal question jurisdiction in this Court. *Metropolitan Life Ins. Co.*, 481 U.S. at 66, 107 S.Ct. 1542.

LESCO's reliance on § 136v does not demonstrate that removal was proper, but only that there may be a good federal preemption defense insofar as the labeling and packaging of LESCO's product comply with federal re-

quirements.[3] *Rodriguez*, 818 F.Supp. at 1015. This section in no way shows a "manifest intent" by Congress to make claims arising under FIFRA removable, since it neither provides a private right of action nor contains a specific grant of federal jurisdiction. *Metropolitan Life Ins. Co.*, 481 U.S. at 66, 107 S.Ct. 1542; *Aaron*, 876 F.2d at 1163–65. Section 136v(b)'s prohibition on any state's ability to impose requirements for labeling or packaging may well prove to be an effective defense for LESCO against some of plaintiffs' claims;[4] it does not, however, contain the kind of clear language that the Supreme Court requires to find that a mere preemption defense can actually create federal question jurisdiction. *Metropolitan Life Ins. Co.*, 481 U.S. at 66, 107 S.Ct. 1542.

In fact, in finding that FIFRA does not preempt local ordinances, the Supreme Court explicitly held: "FIFRA ... leaves substantial portions of the field vacant.... Whatever else FIFRA may supplant, it does not *occupy the field* of pesticide regulation in general.... Rather, it acts to ensure that the States could continue to regulate use and sales even where, such as with regard to the banning of mislabeled products, a narrow pre-emptive overlap might occur."[5] *Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, 613–14, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991) (emphasis added). Tellingly, it is precisely this expression, "occupy the field," that courts have repeatedly used to describe complete preemption, and it is exactly this "occupying of the field" which the Supreme Court tells us does not exist in FIFRA. *See, e.g., Ceres Terminals, Inc. v. Indus. Comm'n of Illinois*, 53 F.3d 183, 185 (7th Cir.1995); *Deford v. Soo Line R.R. Co.*, 867 F.2d 1080, 1084–85 (8th Cir.1989); 16 MOORE'S FEDERAL PRACTICE § 107.14 (3d ed.1997).

We recognize that LESCO has found two cases, both unreported in the Federal Supplement, in which district courts have held

that FIFRA does completely preempt state common law actions. *LaCoste v. Stamps*, No. 95–0779, 1995 WL 442070 (E.D.La. July 25, 1995); *Burge v. Jones*, No. B–92–022, 1992 WL 415263 (S.D.Tex. Nov.18, 1992). However, subsequent decisions in the same districts have expressly refuted this proposition. *Martinez*, 1996 WL 502461; *Rodriguez*, 818 F.Supp. 1013. Moreover, in *Burge*, the court found that diversity of citizenship provided an alternative ground for exercising jurisdiction. 1992 WL 415263. Additionally, we conclude (as have numerous other courts) that *Burge* and *LaCoste* improperly conflate the difference between ordinary and complete preemption. *Thigpen*, 992 F.Supp. at 869; *Murray*, 905 F.Supp. at 514. *Burge* and *LaCoste* simply cite the undisputed proposition that FIFRA provides a preemptive defense to some state common law claims, but fail to take the additional step of determining whether FIFRA contains sufficient language, like § 301 of LMRA or § 502 of ERISA, to find *complete* preemption. As explained above, we conclude that it does not.

▮ Finally, even if LESCO were able to establish federal question jurisdiction, remand would still be required because removal was not effected with the unanimous consent of all defendants. Although there is no express statutory requirement that all defendants either join the petition for removal or consent to such removal, there is widespread agreement among the district courts, including those in the Second Circuit, that "all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." *Still v. DeBuono*, 927 F.Supp. 125, 129 (S.D.N.Y.1996), *aff'd on other grounds*, 101 F.3d 888 (2d Cir .1996); *see also Codapro Corp. v. Wilson*, 997 F.Supp. 322 (E.D.N.Y. 1998); *Town of Moreau v. State Dep't of Environmental Conservation*, No. 96–983, 1997 WL 243258 (N.D.N.Y. May 5, 1997);

---

**3.** Other than § 136v, LESCO directs the Court to no other evidence that Congress intended to dominate the field of pesticide regulation so completely that the entirely state law claims of plaintiffs must be read as inherently federal.

**4.** *See, e.g., Papas v. Upjohn Co.*, 985 F.2d 516 (11th Cir.1993) (holding that those state law

claims specifically related to "labeling and packaging" are preempted by FIFRA).

**5.** Note, however, that the Court was assessing ordinary preemption for purposes of local ordinances, not complete preemption for purposes of state law.

*Rosendale v. Citibank,* No. 94–8591, 1995 WL 329296 (S.D.N.Y. June 1, 1995); *Parisi v. Rochester Cardiothoracic Assoc.,* No. 91–6387T, 1992 WL 470521 (W.D.N.Y. June 29, 1992); *Norman v. Cuomo,* 796 F.Supp. 654 (N.D.N.Y.1992); *see also Fletcher v. Hamlet,* 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679 (1886); *Akin v. Ashland Chemical Co.,* 156 F.3d 1030 (10th Cir.1998); *Roe v. O'Donohue,* 38 F.3d 298 (7th Cir.1994); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir. 1993).

Exceptions to this general rule that all defendants must join or consent to the petition for removal have been recognized where: (1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c). *See, e.g., Courtney v. Benedetto,* 627 F.Supp. 523, 526 (M.D.La.1986); 14C CHARLES A. WRIGHT, ARTHUR P. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3731. LESCO makes no argument that any of these exceptions apply to the instant case. Since "unambiguous written evidence of consent" by all defendants is required, the filing of formal *opposition* papers to removal by defendants Nixon and S.E.T. clearly shows that the "rule of unanimity" has not been satisfied. *Codapro,* 997 F.Supp. at 325 (internal quotations omitted). Finally, we find no support for LESCO's claim that this rule only applies to cases in which the basis of federal jurisdiction is diversity. *See, e.g., Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir.1986) (basis of removal is federal question jurisdiction, but "rule of unanimity still applies").

## CONCLUSION

Defendant Nixon's motion for remand is granted for lack of subject matter jurisdiction and this case is remanded to the Supreme Court of the State of New York, County of Orange. Defendant LESCO's mo-

tion for summary judgment is therefore not reached.

SO ORDERED.