Mitchell G. PAYNE and Jillian D. Payne, Plaintiffs,

v.

OVERHEAD DOOR CORPORATION, Loading Dock Inc., WB McGuire Co., and Crown Equipment Corporation, Defendants.

No. 01 CIV. 7514(CM).

United States District Court, S.D. New York.

Nov. 5, 2001.

Paul T. McDermott, MacVean, Lewis, Sherwin, McDermott & Rosenstein, P.C., Middeltown, NY, for Plaintiffs.

Christopher R. Christensen, Condon & Forsyth, L.L.P., New York City, for Defendants.

MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR AN ORDER REMANDING ACTION

MCMAHON, District Judge.

On September 17, 2001 Mitchell Payne and his wife, Jillian Payne (hereinafter referred to collectively as "Plaintiffs") filed

a Notice of Motion asking that this action be remanded to Supreme Court of the State of New York, County of Orange. The ground for the motion is all defendants failed to join in the removal or provide written consent to the removal in a timely fashion.

The motion is granted.

## PROCEDURAL BACKGROUND

On June 22 Plaintiffs commenced an action against Overhead Door Corporation, Loading Dock Inc., WB McGuire Co., and Crown Equipment Corporation, (hereinafter referred to collectively as "Defendants") in the Supreme Court of the State of New York, County of Orange. Plaintiffs served a copy of the summons on Overhead Door Corporation, Loading Dock Inc., and WB McGuire Co. on July 16, 2001 through the Secretary of the State of New York. Defendant Crown Equipment Corporation was served by certified mail on July 19, 2001.[1] On August 14, 2001, Defendant Crown Equipment Corporation filed a Notice of Removal with the court. In that Notice of Removal, Crown Equipment stated that its co-defendants consented to removal. (Notice of Removal ¶ 13.) The petition, however, lacked any evidence of consent by the non-petitioning co-defendants themselves. (Mem. of Law in Supp. of Plaint.'s Mot. for an Order Remanding Action at 3.)

The case was removed to this Court pursuant to the notice. On September 17, 2001 Plaintiffs' filed a Notice of Motion and a Memorandum of Law in Support of Motion for an Order Remanding Action. Crown Equipment filed a Memorandum of Law in Opposition to Plaintiffs' Motion to Remand on October 3, 2001. Attached to that Memorandum were signed affidavits in support of removal from the attorneys for each of the co-defendants. October 3, 2001, of course, is well outside the 30 day time period allotted for removal by 28 U.S.C. § 1446(b).

Plaintiffs argue that failure of all defendants to file express consent to removal within the statutorily mandated 30 day time period is a defect requiring remand. They contend that the majority of courts require all defendants provide written consent within the 30 days and note that removal statutes are narrowly construed, with all ambiguities and questions as to procedural or jurisdictional defects resolved in favor of remand, in order to protect the Plaintiff's right to choose the forum and states' rights to hear actions concerning their citizens and businesses. Defendants assert that failure of all Defendants to file timely written consent to remove is not a defect warranting remand. They urge that remand is only mandatory where the removal court does not have proper jurisdiction, which is not the case here because diversity jurisdiction exists.

For the reasons stated below, this court agrees with Plaintiff and orders that the case be remanded to the Supreme Court of the State of New York, County of Orange.

## CONCLUSION

■ Notice of Removal must be filed in accordance with 28 USC § 1446(a) & (b). There are only a few requirements: (1) that the Notice be signed in accordance with Rule 11, which requires the signature of at least one attorney of record in his own name; (2) it contain a short and plain

---

1. Plaintiff's Memorandum of Law in Support of Motion for an Order Remanding Action lists the date of service of all defendants as July 16, 2001, the date service was made upon the Secretary of State of New York State. Defendant, Crown Equipment submitted a copy of Service of Process Transmittal Form, which demonstrates that Crown Equipment Corporation was served on July 19, 2001 by certified mail.

statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action; and (3) that the notice be filed within thirty (30) days of service of summons or complaint. Nonetheless, the removal statute has consistently been interpreted to require that all defendants consent to removal within the thirty day period, known as the "Rule of Unanimity." *See Berrios v. Our Lady of Mercy Medical Center,* 1999 WL 92269 *2 (S.D.N.Y.1999) (remanding the case, holding that the defect in procedure required remand; defendants agreed to remove the case prior to the petitioning defendant filing the Notice of Removal, but the non-petitioning defendant never filed consent with the court, though he wrote a letter to the petitioning defendant expressing his consent).

The majority of courts interpret "consent" to mean that each defendant must submit written consent unambiguously agreeing to removal. *See id.* at *2, n. 1 (stating that "a majority of courts,..., have taken a strict approach and have held a representation by one defendant in the notice of removal that all defendants have consented to be insufficient, requiring instead that each defendant independently notify the court of its consent." (internal citations omitted)). *See also Ell v. S.E.T. Landscape Design, Inc.,* 34 F.Supp.2d 188, 194 (S.D.N.Y.1999) (stating that "unambiguous written evidence of consent" by all defendants is required.)

■ Defendants contend that the court has discretion to keep the case because this is a non-jurisdictional defect and the Plaintiffs were not prejudiced by the delay in filing consent. *See Gay v. Carlson,* 1990 WL 20172 at *2 (S.D.N.Y.1990) (holding that removal was proper where the petitioning defendant stated that all parties agreed in its Notice of Removal and the petition was followed by the supplemental consent signed by each of the parties but filed outside the 30 day period). However, even though a defect in removal procedure is not jurisdictional, the removal statute, especially with reference to diversity jurisdiction cases, must be strictly construed. Any doubts as to removability should be resolved in favor of remand. In *Somlyo v. J.Lu–Rob Enterprises, Inc.,* the Court of Appeals noted,

[t]he right to remove a state court action to federal court on diversity grounds is statutory and must therefore be invoked in strict conformity with statutory requirements. In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability. The petitioning party must file a notice of removal with the district court within thirty days after receipt of the initial pleading. While the statutory time limit is mandatory, it is merely a formal and modal requirement and is not jurisdictional. Nevertheless, absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement.

932 F.2d 1043, 1046 (2d Cir.1991).

Furthermore, policy dictates that "[a]bandoning the bright-line rule adhered to by a plethora of cases across the nation in favor of a discretionary approach would lead to uncertainty and encourage litigation about matters peripheral to the merits of lawsuits." *Berrios,* 1999 WL 92269 *3.

■ Therefore, while this court has jurisdiction in diversity over the claims in this action, case law and policy converge to instruct that requirements for removal be strictly construed in the interest of states' rights and limiting federal jurisdiction. I find the reasoning of the majority of courts

persuasive and I choose to follow it. Therefore, this case will be remanded to the Supreme Court of the State of New York, County of Orange for the duration of the proceedings.

This constitutes the decision and order of the court.