Etta **NOVICK and Isaac Novick, individually and as Trustees of the Etta Novick, MD & Isaac Novick, MD, PC Employees' Pension Trust, Plaintiffs,**

v.

**BANKERS LIFE INSURANCE COMPANY OF NEW YORK, Kirsch Financial Services, Inc., Michael A. Kirsch, Eisner C.P.A., P.C., Leonard Eisner and Troy Eisner, Defendants.**

No. CV 05–3085.

United States District Court, E.D. New York.

Jan. 9, 2006.

---

Jonathan A. Stein, P.C., By Jonathan A. Stein, Esq., Cedarhurst, NY, for Plaintiffs.

Kirkpatrick & Lockhart Nicholson Graham LLP, By William O. Purcell and Michele A. Higgins, Esqs., New York City, for Defendant Bankers Life Insurance Company of New York.

Winget, Spadafora & Schwartzberg, LLP, By Dianna D. McCarthy, Esq., New York City, for Defendants Michael A Kirsch and Kirsch Financial Services, Inc.

Korn & Spirn, Esqs., By Jay H. Korn, Esq., Hempstead, NY, for Defendants Eisner C.P.A., P.C., Leonard Eisner, and Troy Eisner.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs Etta Novick and Isaac Novick, individually and as trustees of the Etta Novick & Isaac Novick, MD, PC Employee Pension Trust filed this action in Nassau County Supreme Court against three groups of defendants: (1) Bankers Life Insurance Company of New York ("Bankers Life"); (2) Kirsch Financial Services, Inc. and Michael Kirsch (collectively, "Kirsch"); and (3) Eisner C.P.A., P.C., Leonard Eisner, and Troy Eisner (collectively, "Eisner"). Bankers Life filed a timely notice of removal, asserting that plaintiffs' claims fall within the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, which provides exclusive federal jurisdiction. Plaintiffs move to remand under 28 U.S.C. § 1447(c); defendants oppose the motion.

Plaintiffs argue that this action must be remanded because (1) their claims do not

fall within ERISA, and (2) not all of the defendants filed timely written consents to join in the removal. The Court agrees with the latter argument. Even if defendants can establish federal question jurisdiction, remand is still appropriate because not all of the defendants filed timely written consents to removal within the 30–day period provided by 28 U.S.C. § 1446(b).

Regarding the removal, Bankers Life filed its notice of removal within the 30–day period. The notice indicates that Kirsch and Eisner "have verbally consented to this Notice of Removal and such defendants will concurrently file formal consents." Indeed, Kirsch filed a written consent to the removal with the Court within the 30–day period. However, Eisner did not file a written consent within that period. Rather, Eisner indicated consent after the 30–day period had run through affidavits submitted in support of Bankers Life's and Kirsch's opposition to plaintiffs' remand motion.

As one district court has observed, "[a]lthough there is no express statutory requirement that all defendants either join the petition for removal or consent to such removal, there is widespread agreement among the district courts, including those in the Second Circuit, that 'all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper.'" *Ell v. S.E.T. Landscape Design, Inc.,* 34 F.Supp.2d 188, 193 (S.D.N.Y.1999) (quoting *Still v. DeBuono,* 927 F.Supp. 125, 129 (S.D.N.Y.1996), *aff'd on other grounds,* 101 F.3d 888 (2d Cir.1996)) (citing cases). Thus, an action must be remanded where there is a failure of all defendants to file express consent to the removal within the 30–day period. *See Payne v. Overhead Door Corp.,* 172 F.Supp.2d 475, 477 (S.D.N.Y.2001). Courts have required remand where, as here, a non-petitioning defendant purport-

edly agreed to removal before the petition was filed, but submitted written consent—such as by affidavit opposing a remand motion—*after* the 30–day period had expired. *See, e.g., id.* at 476–77 (remanding action where non-petitioning co-defendants failed to file express consents to removal within 30–day period, even though they supported removal in affidavits attached to petitioning defendant's memorandum of law opposing remand motion and removal notice stated that they consented to removal); *see also Berrios v. Our Lady of Mercy Med. Ctr.,* 1999 WL 92269, at *2 n. 1 (S.D.N.Y. Feb.19, 1999) ("A majority of courts ... have taken a strict approach and have held a representation by one defendant in the notice of removal that all defendants have consented to be insufficient, requiring instead that each defendant independently notify the court of its consent."). This "rule of unanimity" applies regardless of whether federal subject matter jurisdiction is based on diversity or federal question. *See Ell,* 34 F.Supp.2d at 194 (citing *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir.1986)); *see also Fiene v. Standard Ins. Co.,* 2001 WL 1224144, at * 1 (D.Kan. Oct.9, 2001) ("[T]he unanimity rule ... applies to both diversity cases and federal question cases."). There are a few recognized exceptions to the general rule that all defendants must join or consent to the petition for removal. The rule of unanimity is excused where "(1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Ell,* 34 F.Supp.2d at 194. None of these exceptions apply here.

Because Eisner did not file or attempt to file consent within the 30–day period of § 1446(b), and because none of the recog-

nized exceptions to the rule of unanimity apply here, this action must be remanded.

Accordingly, the motion to remand is granted, and the action is remanded. The Clerk of Court is directed to close the file in this action.

SO ORDERED.